UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:11-cr-253-Orl-35KRS

MANUEL AGUSTIN FERNANDEZ

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, MANUEL AGUSTIN FERNANDEZ, and the attorney for the defendant, Jonathan F. Bull, mutually agree as follows:

A.    **Particularized Terms**

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b).

1.    Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of 10 years up to life, a fine of $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

Defendant's Initials _AF_                          AF Approval _Blw_

2.    <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

<u>First:</u>    That the Defendant knowingly used a computer and the Internet to attempt to persuade, induce, entice  an individual under the age of eighteen (18) to engage in sexual activity, as charged;

<u>Second:</u>    that the Defendant believed that such individual was less than eighteen (18) years of age;

<u>Third:</u>    that if the sexual activity had occurred, the Defendant could have been charged with a criminal offense under the law of Florida; and

<u>Fourth:</u>    that the Defendant acted knowingly and willfully.

3.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement.

4.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant

Defendant's Initials _MF_____

2

understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

5.    Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court.  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

6.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2428, whether in the possession or control of the United States

Defendant's Initials _MK_____

3

or in the possession or control of the defendant or defendant's nominees.  The assets to be forfeited specifically include, but are not limited to the following:

        a.     One Toshiba laptop computer, serial number Z9225583Q; and

        b.     One Page Plug cellular telephone FCC ID number BEJVX9900.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.  The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offenses to which defendant is pleading guilty and enter a preliminary order of forfeiture.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States.  These steps include, but are not limited to, the surrender of title, the signing of a

Defendant's Initials _MP_

consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing.  To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located.  The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Defendant's Initials _MF_

5

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

7.   Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. § 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty.  As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of:  One Toshiba laptop computer, serial number Z9225583Q and one Page Plug cellular telephone FCC ID number BEJVX9900.

Defendant's Initials _MF_____

6

B.    **Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

    2.    Supervised Release

        The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _MF_

7

3.     <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition.  The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4.     <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by

Defendant's Initials _____

8

the United States Probation Office.  The defendant understands and acknowledges

that, although the parties are permitted to make recommendations and present

arguments to the Court, the sentence will be determined solely by the Court, with the

assistance of the United States Probation Office.  Defendant further understands and

acknowledges that any discussions between defendant or defendant's attorney and the

attorney or other agents for the government regarding any recommendations by the

government are not binding on the Court and that, should any recommendations be

rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this

plea agreement.  The government expressly reserves the right to support and defend

any decision that the Court may make with regard to the defendant's sentence, whether

or not such decision is consistent with the government's recommendations contained

herein.

     5.    Defendant's Waiver of Right to Appeal and
            Right to Collaterally Challenge the Sentence

        The defendant agrees that this Court has jurisdiction and authority to

impose any sentence up to the statutory maximum and expressly waives the right to

appeal defendant's sentence or to challenge it collaterally on any ground, including the

ground that the Court erred in determining the applicable guidelines range pursuant to

the United States Sentencing Guidelines, except (a) the ground that the sentence

exceeds the defendant's applicable guidelines range as determined by the Court

pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence

exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the

Eighth Amendment to the Constitution; provided, however, that if the government

Defendant's Initials ___*ME*___

9

exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6.   <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7.   <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8.   <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if

Defendant's Initials _MF_____

10

any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

Defendant's Initials _MC_

11

FACTS

From June 21, 2011 through July 23, 2011, MANUEL AGUSTIN

FERNANDEZ used the screen name of "subliminalmndfck" to have Internet chats or

conversations with "Brooke."  MANUEL AGUSTIN FERNANDEZ believed that "Brooke"

was a 14 year-old girl living in Brevard County, Florida.  Unbeknownst to MANUEL

AGUSTIN FERNANDEZ, "Brooke" was really an undercover officer (UC) working for

Immigration and Customs Enforcement (ICE).  During the on-line chats or

conversations, MANUEL AGUSTIN FERNANDEZ told "Brooke" the following:

- That he was going to bring a big box of condoms and was addicted to oral sex.

- That he could eat pussy and have his dick sucked for hours.

- That once he saw "Brooke" they could cuddle on your couch, watch a movie and hangout and it depended on how naughty Brooke wanted to get.

- That he loved making out and was addicted to oral sex.

- That he would teach the "Brooke" how to perform oral sex and she would be sucking his cock better than a pornstar.

- Asked "Brooke" if she was a cop and acknowledged he could get in trouble for sending pornography to a minor.

- Asked "Brooke" if she ever gave a blow job before and told her he would bring chocolate sauce to assist her with the act.

MANUEL AGUSTIN FERNANDEZ sent "Brooke" links to pornographic

websites that depicted women performing oral sex on men.  MANUEL AGUSTIN

FERNANDEZ sent the pornographic links to "Brooke" in order to instruct her as to how

to perform oral sex.  MANUEL AGUSTIN FERNANDEZ also sent "Brooke" a nude

photograph of himself and a photograph of his erect penis.

Defendant's Initials _MF_

12

On June 24, 2011, MANUEL AGUSTIN FERNANDEZ drove approximately 2 ½ hours to Brevard County, Florida with the expectation of engaging in sexual activity with "Brooke."  After arriving at a predesignated meeting site, MANUEL AGUSTIN FERNANDEZ was arrested by law enforcement.  MANUEL AGUSTIN FERNANDEZ waived his Miranda rights and participated in a recorded interview with an ICE agent.  MANUEL AGUSTIN FERNANDEZ admitted to having sexual conversations with a girl named "Brooke" who he believed was 14 or 15 years old.  MANUEL AGUSTIN FERNANDEZ communicated with "Brooke" using a Toshiba laptop and Page Plug cell phone.  MANUEL AGUSTIN FERNANDEZ admitted that he had sent nude photos of himself to and links to pornographic websites to "Brooke."  MANUEL AGUSTIN FERNANDEZ stated that he brought condoms and chocolate sauce with him to pour on his penis "in case something happened" with "Brooke."

MANUEL AGUSTIN FERNANDEZ wrote an apology letter to "Brooke's" mother which stated:  "I am very sorry for all the grief and concern I must have caused you.  I had my regrets from the beginning and had no intention of ever hurting or molesting your daughter.  Forgive me for any heartache I may have caused you.  I never met your daughter and never will attempt anything like this again.  Keep her safe and enjoy your life together."

Before MANUEL AGUSTIN FERNANDEZ was processed in the Brevard County jail, he asked the ICE agent if he could provide further information.  MANUEL AGUSTIN FERNANDEZ stated that he knew that "Brooke" was 14 years old and that the online conversations with her were "hot and heavy" and there was a possibility that

Defendant's Initials _MF_

13

something sexual would happen.  MANUEL AGUSTIN FERNANDEZ also commented that since "Brooke" really seemed to want it (sex), he did not feel that he was trying to manipulate her.  He also said "Brooke" seemed curious and wanted to do it (sex).

10.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___14th___ day of September, 2011.

ROBERT E. O'NEILL
United States Attorney

_____        By: _____
MANUEL AGUSTIN FERNANDEZ                     Daniel W. Eckhart
Defendant                                    Assistant United States Attorney


_____        _____
Jonathan F. Bull, Esquire               Carlos A. Perez-Irizzary
Attorney for Defendant                  Assistant United States Attorney
                                        Chief, Orlando Division

14